U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 27 2016

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW GEOFFREY WEEDEN, § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-04070-N-BF |
| C.O. FREDRICK L. DUNMORE and § | |
| C.O. SHUNTA OLIVER, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. *See* New Case Notes [ECF No. 1]. Plaintiff Andrew G. Weeden, appearing *pro se*, filed this civil action alleging violations of the 8th and 14th Amendments of the United States Constitution by Defendants Frederick L. Dunmore and Shunta Oliver while confined at Hutchins State Jail in Dallas, Texas. For the following reasons, the undersigned recommends that the District Court dismiss this action without prejudice.

**Background**

On December 28, 2015, Plaintiff filed a complaint seeking compensatory and punitive damages due to alleged "cruel and unusual punishment, wanton infliction of pain," and "deep emotional suffering" upon Plaintiff while at Hutchins State Jail in Dallas, Texas. Pl.'s Compl. 3-4, 6 [ECF No. 3]. Plaintiff alleges Defendant Dunmore confiscated Plaintiff's identification card and Defendant Oliver would not allow him to eat in the cafeteria for six days. *Id.* at 4, 6 [ECF No. 3]. The Court granted Plaintiff leave to proceed *in forma pauperis*. *See* Order [ECF No. 5]. Defendants subsequently filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Def.'s Mot. to Dismiss [ECF Nos. 17, 22]. On August 26, 2016, this Court granted Plaintiff's Motion to Amend Complaint [ECF No. 23] and ordered Plaintiff to file his

amended complaint by September 26, 2016. *See* Order [ECF No. 26]. In allowing Plaintiff to amend his complaint this Court denied without pejudice Defendants' Motions to Dismiss [ECF Nos. 17, 22] as moot. *Id.* [ECF No. 26]. Plaintiff failed to file his amended complaint by September 26, 2016. *See* Docket. On October 12, 2016, this Court allowed Plaintiff seven additional days to file his amended complaint. *See* Order [ECF No. 28]. In the October 12, 2016, order the undersigned warned Plaintiff that if he failed to file his amended complaint a recommendation would be made to dismiss this case without prejudice. *Id.* [ECF No. 28]. To date, Plaintiff has not filed his amended complaint. *See* Docket.

## Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Plaintiff has failed to comply with this Court's orders. This Court has on two previous occasions given Plaintiff an opportunity to file his amended complaint and the deadlines to do so

have passed. Plaintiff has not filed any correspondence indicating he intends to pursue his claims despite the Court's warning that failure to amend his complaint would result in a recommendation of dismissal without prejudice. Plaintiff's failure to file an amended complaint within the time limit imposed by the Court justifies dismissing this case for failure to prosecute and to comply with the Court's orders pursuant to Rule 41(b). Plaintiff has "demonstrate[d] a manifest lack of interest in litigating his claims." *Adams v. Wells Fargo Bank, N.A.*, No. 3:12-CV-1799-O, 2013 WL 3963961, at *2 (N.D. Tex. Aug. 1, 2013) (citing *Godley v. Tom Green Cnty. Jail*, No. 6:11-CV-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012)). Because there is no suggestion of purposeful delay or contumacious conduct, the dismissal should be without prejudice.

Accordingly, the District Court should dismiss this case without prejudice pursuant to Rule 41(b).

## Recommendation

The undersigned respectfully recommends that the District Court should **DISMISS without prejudice** Plaintiff's case pursuant to Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**, this 27 day of October, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).